Filed 9/27/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VARIOUS TRACTS OF LAND IN
MUSKOGEE AND CHEROKEE
COUNTIES, and LIVESTOCK, FARM
IMPLEMENTS, EQUIPMENT, and
MONEYS,

    Defendants.

---

JAMES NORWOOD HUTCHING,
THERON NORWOOD HUTCHING,
and BARBARA JEAN HUTCHING,

    Claimants-Appellants.

Nos. 95-7154
95-7155
95-7166
(D.C. Nos. CIV-92-425-S
CIV-92-426-S
CIV-92-427-S
CIV-92-428-S
CIV-92-430-S
CIV-92-431-S
CIV-92-432-S
CIV-92-433-S
CIV-92-585-S
CIV-93-193-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

These three appeals result from the government's initiation of civil in rem forfeiture actions against property owned by James Norwood Hutching. The parties are familiar with the facts, and there is no need to repeat them.

We note that the five decrees of forfeiture indicated that they were based on 21 U.S.C. § 881(a)(7), for facilitating property, which was an alternative basis for forfeiture stated in the government's complaints. However, based on the district court's summary judgment order against Hutching, the arguments of the parties, and other proceedings, we conclude that the district court's citation to § 881(a)(7) was clearly a clerical error, and that it based its decrees of forfeiture on 21 U.S.C. § 881(a)(6), for proceeds. We therefore address the parties' contentions on appeal on that basis.

_____

[**] Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

-2-

Hutching's appeal, No. 95-7154

Hutching first contends that the government violated his due process rights by seizing his real property without notice or an opportunity to be heard, which the Supreme Court held is required absent exigent circumstances. United States v. James Daniel Good Real Property, 510 U.S. 43, 62 (1993). The government admits that its real property seizures violated Good. Hutching acknowledges that the remedies for Good violations in this circuit are suppression of any evidence obtained through the illegal seizures and return of any rents that accrued during the seizures. United States v. 51 Pieces of Real Property, 17 F.3d 1306, 1315-16 (10th Cir. 1994). However, he contends that these remedies are inadequate and that the appropriate remedy is dismissal of the forfeiture actions and return of all property. We have specifically rejected this proposed remedy, id., and are bound by this precedent, In re Smith, 10 F.3d 723, 724 (10th Cir. 1993), cert. denied, 115 S. Ct. 53 (1994). Because Hutching does not seek suppression of any illegally obtained evidence or return of any rents and provides no indication that any evidence or rents were obtained during the illegal seizures, we conclude that he is not entitled to any relief for the Good violations.

Hutching next contends essentially that the government did not have sufficient probable cause to seize the properties and did not show a substantial connection between the properties and drug proceeds sufficient to warrant

-3-

summary judgment in its favor. We conclude that the affidavits supporting the forfeiture complaints, demonstrating, inter alia, Hutching's involvement in large drug sales and property purchases with cash from unexplained legitimate sources, provided sufficient probable cause to seize the properties in all ten cases. See United States v. One-Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars ($149,442.43) in United States Currency, 965 F.2d 868, 876 (10th Cir. 1992)(probable cause requires showing of more than mere suspicion, but less than prima facie proof). The government's showing of probable cause shifted the burden to Hutching to prove a defense to forfeiture. Id. Not only did Hutching not produce any evidence to rebut the government's showing of probable cause, but he admitted that much of the property, including the five forfeited properties, was purchased with either "new" or "old" drug proceeds. See, e.g., II R. Doc. 48 (Hutching's summary judgment response) at 2-3.

Because as discussed below, we reject Hutching's distinction between new and old drug proceeds, the government clearly was entitled to forfeiture of the five properties. See $149,442.43, 965 F.2d at 876 (with no rebuttal by claimant, "a showing of probable cause alone will support a judgment of forfeiture"). Additionally, because reasonable cause under 28 U.S.C. § 2465 is synonymous with probable cause, United States v. One 1986 Ford Pickup, 56 F.3d 1181, 1186

(9th Cir. 1995), the district court did not err in issuing the certificates of reasonable cause.

Hutching's next argument is based on his distinction between "old" and "new" drug proceeds. Hutching admits that new drug proceeds generated by the activities for which he was most recently convicted were used to purchase the Summit Ranch, Lost City and Melvin properties. He contends that he used "old" drug proceeds to purchase the Taft I and Taft II properties. These old proceeds resulted from prior drug activities that he alleges were discovered in 1973 and for which he was convicted in 1974. He claims to have buried $360,000 in old drug proceeds and to have dug this money up in 1978 when he was released from prison. He argues that forfeitures based on these old drug proceeds violate the ex post facto clause, because 21 U.S.C. § 881(a)(6) was not effective until November 1978, and also violate the five-year statute of limitations, 19 U.S.C. § 1621.

We agree with the district court that the ex post facto clause applies only to criminal cases and that civil forfeitures under § 881 are not criminal punishments. See United States v. D.K.G. Appaloosas, Inc., 829 F.2d 532, 540-45 (5th Cir. 1987), cert. denied, 485 U.S. 976 (1988); cf. United States v. Ursery, 116 S. Ct. 2135, 2149 (1996)( holding that civil in rem forfeitures pursuant to § 881 are neither punishment nor criminal for double jeopardy purposes). We also reject his statute of limitations argument. The limitations period is five years from the

date the alleged offense was discovered, but the five years does not include any period of concealment.  See § 881(d); 19 U.S.C. § 1621.  Hutching admitted that he concealed the old drug proceeds by burying them.  He also claimed in a court document filed in 1975 after he had been convicted of the prior drug offenses that he did not have any assets.  II R. Doc. 24, Ex. C.  We conclude that Hutching's concealment of the old proceeds tolled the applicable limitations period.

Hutching argues that despite the fact that he was convicted of money laundering in connection with the purchases of the Taft II and Summit Ranch properties, the district court erred in forfeiting these properties pursuant to 18 U.S.C. § 981 because of flaws in the jury instructions in his criminal case.  We reject this argument because the district court did not rely on § 981 in granting summary judgment against Hutching.

Hutching next contends he was denied his right to a jury trial.  Because these are civil actions in which he did not properly raise any genuine issues of material fact, he was not entitled to a jury trial.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).

Hutching contends that the prosecution of these forfeiture actions separate from his criminal prosecution violated his due process right to protection from multiple prosecutions and the double jeopardy clause.  Because he did not raise his due process argument in the district court, we will not consider it.  The

Supreme Court rejected his double jeopardy argument in Ursery, 116 S. Ct. at 2149, effectively overruling our contrary decision in United States v. 9844 S. Titan Court, Unit 9, 75 F.3d 1470, 1482-91 (10th Cir. 1996).

Hutching challenges the district court's dismissal of the five actions, claiming that the dismissals resulted from a conspiracy involving the government, intervenor and district court. Voluntary dismissals under Rule 41(a)(2) are at the discretion of the district court, Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993), and we see no abuse of that discretion here. The dismissals eliminated the government's claims to the subject properties and returned them to Hutching. The fact that intervenor had a valid judgment against Hutching on which she might assert claims against these properties is irrelevant. Moreover, the government could tax as costs the Marshals Service fees for maintaining the livestock under 28 U.S.C. § 1921(a)(1)(E).

Finally, Hutching contends forfeiture of the properties violated the Eighth Amendment prohibition against excessive fines, citing Austin v. United States, 509 U.S. 602 (1993). Austin involved forfeiture of facilitating property under § 881(a)(7). The district court granted summary judgment against Hutching on the basis that the properties were forfeitable as proceeds of drug transactions under § 881(a)(6). Austin's excessive fines analysis does not apply to proceeds. See, e.g., United States v. Salinas, 65 F.3d 551, 553-54 (6th Cir. 1995); cf.

<u>Ursery</u>, 116 S. Ct. at 2148-49 ("To the extent that § 881(a)(6) applies to 'proceeds' of illegal drug activity, it serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts.").

<u>Theron's appeal, No. 95-7155</u>

Theron is Hutching's son. When Hutching purchased the Taft II property, he titled it in Theron's name. Theron claims the property was a gift from his father and that at the time he was informed of the gift, he was unaware of his father's drug activities and the illegitimate source of the funds used to purchase the property. Theron admits he was served with notice of the government's seizure of and forfeiture action against this property on August 19, 1992. He had ten days to file a claim and an additional twenty days to serve his answer, <u>see</u> § 881(d); Fed. R. Civ. P. Supp. R. C(6), but did not file his claim and answer until May 10, 1993. The district court denied his claim as untimely.

We review a district court's denial of a late claim for abuse of discretion. <u>See</u> <u>51 Pieces</u>, 17 F.3d at 1318. Theron contends he should be excused from his untimely filing because on February 24, 1993, the Supreme Court issued its decision in <u>United States v. A Parcel of Land, Buildings, Appurtenances & Improvements, Known as 92 Buena Vista Avenue</u>, 507 U.S. 111 (1993), which allowed him to file a claim as an "innocent owner." However, he had the right to

file a claim as an innocent owner under this court's law prior to Buena Vista. See Eggleston v. Colorado, 873 F.2d 242, 247 (10th Cir. 1989), cert. denied, 493 U.S. 1070 (1990). In the absence of any mitigating factors, we see no abuse of discretion in the district court's denial of Theron's late claim.

Theron also raises some of the same arguments his father raised: Good violation, denial of jury trial, property not involved in money laundering, and improper certificate of reasonable cause. We reject them for the same reasons stated above.

Barbara's appeal, No. 95-7166

Barbara is Hutching's wife, and she asserted claims to two of the forfeited properties: the Taft I property, where she was living at the time the government seized it, and the Melvin property. The district court granted summary judgment against her regarding these two properties because she failed to meet her burden of showing an ownership interest in the properties under Oklahoma law. See Titan Court, 75 F.3d at 1478.

We agree with the district court that Barbara has not demonstrated an ownership interest in the two properties. They were not titled in her husband's name, much less her own. There is no evidence that she or Hutching ever asserted a homestead right to the properties, see, e.g., Weever v. Weever, 579

P.2d 216, 219-20 (Okla. Ct. App. 1978), nor, since she claims she was unaware of her husband's drug activities, do the properties appear to be "jointly acquired property which has been accumulated by the business side of the marriage," Sanditen v. Sanditen, 496 P.2d 365, 367 (Okla. 1972). Even if the properties were considered jointly acquired property, she did not have joint ownership in that property, but only a contingent interest that would not vest on forfeiture. See id.; Titan Court, 75 F.3d at 1478-79.

Barbara also raises some of the same arguments her husband raised: Good violations, denial of jury trial, lack of probable cause for seizures, and improper dismissals and certificates of reasonable cause. We reject them for the same reasons stated above.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

BRIGHT, Circuit Judge, concurring and dissenting.

I concur in the order and judgment except as to Theron Hutching's appeal, No. 95-7155. The record indicates some reasons for the late filing of his claim and further that such filing would not prejudice the government.

I recall the adage that the law abhors forfeitures. "Forfeitures are not favored in the law. They are often the means of great oppression and injustice." Knickerbocker Life Ins. Co. v. Norton, 96 U.S. 234, 242 (1878) (Bradley, Joseph P.).

I would apply that principle here and determine that the district court erred in dismissing Theron Hutching's claim as untimely. I would reverse and remand this claim.