**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL ALBERT CERVINI,

Defendant-Appellant.

No. 00-6331
(Western District of Oklahoma)
(D.C. No. CR-99-206-L)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **ANDERSON**, and **MURPHY**, Circuit Judges.

I. INTRODUCTION

Defendant Michael Cervini entered a conditional guilty plea to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Cervini appeals from the district court's final judgment, asserting the district court erred in denying his motion to suppress and his request for an evidentiary hearing. *See* Fed. R. Crim. P. 11(a)(2) (providing that a defendant, with approval

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of the court and consent of the government, may enter conditional guilty plea and reserve right to appeal an adverse determination of pretrial motion). This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms** the district court.

II. BACKGROUND

In April 1999, two images of child pornography were posted to an Internet newsgroup. Accompanying the postings were message headers that included an Internet protocol address linked to the Internet service provider account of Michael Cervini. After an investigation, a search warrant for Cervini's residence was issued and executed.

In December 1999, Cervini was indicted for knowingly transporting and shipping child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1) and knowingly possessing an image of child pornography that was produced using materials shipped and transported in interstate commerce in violation of 18 U.S.C. § 2252A(a)(5)(B). Cervini filed a motion to suppress the evidence obtained during the search of his residence, arguing the affidavit in support of the warrant provided insufficient probable cause that evidence of criminal activity would be found at his residence. The district court denied Cervini's motion and ruled that he was not entitled to an evidentiary hearing.

Cervini entered a conditional guilty plea to possessing child pornography, and the government dismissed the other charge. Cervini comes before this court

on appeal from the district court's denial of his motion to suppress and its denial of his request for an evidentiary hearing on his motion.

III. DISCUSSION

Cervini challenges the district court's denial of his motion to suppress, arguing the affidavit supporting the search warrant provided insufficient probable cause to establish a nexus between the criminal activity and Cervini's residence. In reviewing the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and its legal conclusions regarding the sufficiency of the search warrant *de novo*. *See United States v. Campos*, 221 F.3d 1143, 1146 (10th Cir. 2000); *United States v. Simpson*, 152 F.3d 1241, 1246 (10th Cir. 1998). This court reviews the district court's denial of an evidentiary hearing on a motion to suppress for abuse of discretion. *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995).

"In determining whether probable cause exists to issue a warrant, the issuing judge must decide whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Simpson*, 152 F.3d at 1246 (quotations omitted). The judge may draw reasonable inferences from the affidavit in support of the search warrant application. *See United States v. Rowland*, 145 F.3d 1194, 1205 (10th Cir. 1998). The issuing judge must ultimately make a practical, common-sense decision based on the totality of the

circumstances. *See United States v. Corral-Corral*, 899 F.2d 927, 931 (10th Cir. 1990). This court affords great deference to the judge's final determination. *See id.*

On appeal, Cervini claims the information in the affidavit does not establish that the transmission of pornographic images originated from a computer at his residence or that he even owned a computer. Cervini further argues the second telephone line in his residence could have been used for a purpose other than establishing an Internet connection.

Affording great deference to the issuing judge's determination, this court concludes the search warrant affidavit asserted sufficient facts to establish probable cause that evidence of criminal activity would be found in Cervini's residence. Terry Wade, a Special Agent for the Federal Bureau of Investigation and former agent for the Oklahoma Bureau of Investigation, applied for a warrant to search Cervini's residence, attaching a personal affidavit to the application in support of the warrant. The affidavit describes in some detail the process by which an individual may post a message to an Internet newsgroup and the manner in which the individual may be traced from his posting.

In addition, the affidavit includes details of the specific crime for which the search warrant was sought. Special Agent Wade indicated in his affidavit that two images of child pornography were posted to an Internet newsgroup just before

1:00 a.m. on April 27, 1999. The message header accompanying the transmission contained the Internet protocol (IP) address 206.154.188.85 and revealed that the message was posted from a news server owned by Innovative Technology, Ltd., an Internet service provider (ISP). The ISP's records revealed that the account responsible for the posting had been in use for four hours and was not logged off until just before 3:00 a.m. In response to a grand jury subpoena, the ISP identified the account holder from the IP address as Michael Cervini. The ISP provided Cervini's address and indicated that his customer account status was active. Cervini's residential address was corroborated through both a records check of Southwestern Oklahoma State University and an Oklahoma driver's license query.

Further, current telephone listings revealed that Cervini's residence contained two active telephone lines. Special Agent Wade indicated that based upon his knowledge and training, it is common practice for individuals utilizing a home computer for access to the Internet to have a second telephone line in their home. Wade further indicated that he conducted an interview with Cervini's neighbor who revealed that Cervini was knowledgeable about computers and had worked on a computer-related project for a family member of the neighbor's at Cervini's home.

In his brief, Cervini pays little regard to the standard for establishing probable cause. The search warrant affidavit must demonstrate a "fair probability" that a search of Cervini's residence would uncover evidence connecting Cervini to the pornographic postings. *Simpson*, 152 F.3d at 1246. It need not eliminate all other possible conclusions which could be derived from the alleged facts. The issuing judge reasonably could have inferred from the facts provided in the affidavit that (1) an individual is likely to generate child pornography in a location where he has the greatest expectation of privacy; (2) a computer would be found at an ISP subscriber's residence; (3) Cervini was most likely at home at 1:00 a.m.; and (4) as the account holder, Cervini was the person using the account. Contrary to Cervini's claim, these conclusions do not require the issuing judge to pile inference upon inference. The totality of the facts enable a reasonable person to draw the common-sense conclusion that evidence of the crime would be found at Cervini's residence.[1] *See United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 874 (10th Cir. 1992) ("Where an affidavit describes circumstances which would warrant a person of reasonable caution to

---

[1] Cervini claims the information gathered from his neighbor was stale because no time frame was given for the alleged computer-related project performed at his home. This court need not determine whether the information was stale. Even without this information, the affidavit contains sufficient facts to support the issuance of a search warrant.

believe that the articles sought would be at appellant's residence, then a sufficient nexus has been established.").

Cervini also argues on appeal that the district court erred in not holding an evidentiary hearing on the issues he raised in his motion to suppress. Cervini alleges that the search warrant affidavit recklessly omitted information that would have vitiated probable cause. Specifically, Cervini claims (1) the affidavit lists the e-mail address eyeBme@fish.net as the source of the pornographic postings, while Cervini's e-mail address was mike@ITLnet.net during the relevant time period; (2) the affiant discovered that Cervini was a student at Southwestern Oklahoma State University and that, in the course of learning this information, the affiant also should have learned that Cervini was employed by the University as a Library Computer Technician with access to many computers; and (3) the affidavit was void of information that the pornographic images could have been posted on the Internet from anywhere in the world through the use of a computer at any location. Because Cervini failed to raise the last two arguments before the district court, this court deems them waived and only addresses his argument regarding the e-mail address. *See United States v. Dewitt*, 946 F.2d 1497, 1502 (10th Cir. 1991).

A defendant is entitled to a hearing only if he can make a "substantial preliminary showing that a false statement knowingly and intentionally, or with

reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). The rule entitling a defendant to a hearing also applies to material omissions if the omissions are so probative as to negate probable cause. *See United States v. Kennedy*, 131 F.3d 1371, 1377 (10th Cir. 1997); *DeLoach v. Bevers*, 922 F.2d 618, 622 (10th Cir. 1990). A defendant makes a preliminary showing if he demonstrates that the exclusion of a false statement contained in the affidavit or the inclusion of a material omission not contained in the affidavit would have vitiated probable cause. *See Stewart v. Donges*, 915 F.2d 572, 581-83 (10th Cir. 1990); *Corral-Corral*, 899 F.2d at 933.

Although Cervini characterizes the problem with the affidavit as an omission, his claim in fact includes both an allegation of a false statement and an allegation of a material omission. The inclusion of eyeBme@fish.net as the e-mail address connected to Cervini's Internet account is more properly characterized as an alleged false statement, while the exclusion of Cervini's e-mail address as mike@ITLnet.net is accurately characterized as an alleged material omission. Regardless of how the issue is framed, however, Cervini did not demonstrate to the district court that the exclusion of the eyeBme@fish.net e-

mail address or the inclusion of the mike@ITLnet.net e-mail address in the affidavit would have vitiated probable cause.[2]

Even if the eyeBme@fish.net e-mail address is excluded from the affidavit, a connection between the pornographic postings and Cervini arises through the IP address linked to his ISP account. Hence, the exclusion of the eyeBme@fish.net e-mail address from the affidavit would not have negated a finding of probable cause. An examination of the alleged material omission results in the same conclusion. Including mike@ITLnet.net as Cervini's alleged e-mail address would not create an inconsistency in the affidavit, nor would it render the affidavit insufficient to establish probable cause.

The affidavit sets forth the following relevant information. When an individual posts a message to an Internet newsgroup, the message is sent through a newsgroup computer server that automatically attaches a "message header" to the message. In this case, the "message header" on the messages that accompanied the pornographic images showed an IP address of 206.154.188.85, which is the IP address linked to Cervini's ISP account. The individual who posted the pornographic images placed a text return address of eyeBme@fish.net

---

[2] This court need not address whether the affidavit actually contained a false statement or omitted material information because Cervini cannot demonstrate that the alleged false statement or material omission were necessary to the finding of probable cause.

in each of the messages accompanying the images. According to the affidavit, however, this text return address is not automatically attached to the message as is the IP address. It would be reasonable for an issuing judge to infer that an automatically-attached identifier is more accurate than an e-mail address imputed by the individual posting the pornographic images who might want to conceal his identity. Even with the inclusion of the e-mail address mike@ITLnet.net, the IP address still links Cervini's ISP account to the posting of pornographic images.

The exclusion of the alleged false statement and inclusion of the alleged material omission would not have undermined the probable cause determination. Cervini made no such showing in his motion to suppress to the district court to warrant a hearing. Thus, this court holds the district court did not abuse its discretion in denying Cervini an evidentiary hearing on his motion to suppress.

IV. CONCLUSION

For the reasons stated above, this court **affirms** the district court's denial of Cervini's motion to suppress and **affirms** the district court's refusal to hold an evidentiary hearing on the matter.

Entered for the Court

Michael R. Murphy
Circuit Judge

-10-