**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY BRANTLEY,

Defendant - Appellant.

No. 01-7069
(D.C. No. 00-CR-59-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HOLLOWAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Ricky Brantley was indicted for manufacturing marijuana,

maintaining a place for the purpose of distributing marijuana and three illegal

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

firearm possession charges. He entered a conditional guilty plea to one of the counts, possession of a firearm after a former felony conviction in violation of 18 U.S.C. § 922(g)(1), but reserved the right to appeal the district court's denial of his motion to suppress evidence. *See* Fed. R. Crim. P. 11(a)(2) (providing that a defendant, with approval of the court and consent of the government, may enter conditional guilty plea and reserve right to appeal an adverse determination of pretrial motion). Pursuant to the plea agreement, the defendant was sentenced to ninety-six months in prison and thirty-six months of supervised release. He now appeals the district court's denial of his motion to suppress. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

## BACKGROUND

In July 1999, United States Forest Service (USFS) law enforcement officer Rose discovered a patch of marijuana plants growing on land owned by the Weyerhaeuser Timber Company in Broken Bow, Oklahoma. The marijuana patch bordered property owned by the defendant. Evidence indicated the patch had been used in years past for growing marijuana. In August 1999, USFS Agents Ryan, Alford and Rose returned to the patch and counted fifty-three large, well-tended marijuana plants. Samples of the plants tested positive for marijuana. The agents installed a stationary, non-manned video surveillance system in the patch, which periodically monitored a section of the patch from August through

November, 1999. Throughout this period, the USFS agents returned to the site to check for activity and reset the surveillance system.

The condition of the patch on November 8, 1999, indicated that a grower had been there and harvested some of the plants and pruned some of the buds. The agents viewed the recent video tape, which revealed that an individual had entered the patch on the afternoon of November 3, 1999. The man in the video is described as a white, middle-aged male, with a mustache, wearing a camouflage-colored ball cap and jacket. The video showed the individual in the patch examining the plants, clipping some plants with a hand clipper and removing others by pulling up the stumps and tossing them off to the side. [1] USFS Agent Alford viewed the video on November 8, 1999, and recognized the man in the patch as the defendant.

On November 12, 1999, USFS agents, including Agent Alford, went to defendant's home to question him about cattle of his that were trespassing in

---

[1] In his opening brief, the defendant disputes that the video shows a clear image of the individual in the patch on November 3, 1999, and claims the video tape only shows the individual looking at a plant and pulling something up and tossing it away, not examining the plants or using clippers. We do not address these claims, however, because the defendant neither disputed the video tape evidence in his motion to suppress before the district court, nor included the video tape in the record on appeal. *See United States v. Vasquez*, 985 F.2d 491, 494 (10th Cir. 1993) (holding court unable to rule on issue when the record fails to include copies of the evidence needed to decide issue on appeal); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (holding court will generally not consider arguments presented for the first time on appeal).

a nearby area and about a fire on his property earlier that month. Agent Alford confirmed that the man seen in the video was the defendant. The USFS agents testified that, between December 1 and December 4, 1999, the final harvest of the patch was completed, evidenced by the fact that all of the marijuana buds had been clipped off and some of the stalks had been pulled out and tossed to the side.

USFS Agent Ryan applied for a search warrant for defendant's residence, on defendant's property bordering the marijuana patch. Agent Ryan's supporting affidavit set forth all of the foregoing information concerning the USFS investigation. Further, Agent Ryan testified that he was aware the defendant had a 1984 Arkansas felony drug conviction. Agent Ryan testified that he had been a law enforcement officer with the USFS for twenty-five years and had been involved in at least 100 investigations involving marijuana cultivation and distribution. Agent Ryan expressed his opinion, based on this experience, that the defendant would likely have at his residence evidence of marijuana and/or implements used in the cultivation, manufacture and processing of marijuana, as well as other indicia of marijuana manufacturing and distribution, including firearms. The magistrate judge authorized the search warrant for defendant's residence.

During the search of defendant's residence, USFS agents located marijuana, tools used to cultivate marijuana, marijuana plants in various stages of drying,

and numerous firearms. Defendant moved to suppress the evidence seized during the search of his residence, claiming the evidence in the supporting affidavit was insufficient to cause a person to believe that marijuana or firearms would be found inside his residence. The district court denied the motion to suppress. It found that the drug activity observed in the marijuana patch bordering defendant's property, particularly the fact of the final harvest, provided a sufficient basis for the magistrate judge to conclude there was probable cause to believe drug contraband would be found at defendant's residence.

ANALYSIS

"We review de novo the district court's probable cause determination." *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999). Our review of the magistrate judge's issuance of a search warrant is more deferential, however. *Id*.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (quotation omitted). "When reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in a light most favorable to the government." *United States v. Long*, 176 F.3d 1304, 1307 (10th Cir. 1999).

-5-

"We accept the district court's factual findings unless those findings are clearly erroneous." *Id*.

Probable cause requires a nexus between the contraband to be seized or the suspected criminal activity and the place to be searched. *United States v. Rowland*, 145 F.3d 1194, 1203 (10th Cir. 1998). "Probable cause to search a person's residence does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be additional evidence linking the person's home to the suspected criminal activity." *Id*. at 1204. However, there need not be direct evidence or personal knowledge that the items sought are located at the place to be searched. *United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 874 (10th Cir. 1992). The affidavit supporting the search of a suspect's residence is sufficient when it describes circumstances from which a person of reasonable caution could infer that evidence or contraband will be found there. *Id*.

Affording proper deference to the issuing magistrate judge's determination, we conclude the search warrant affidavit asserted sufficient facts to establish probable cause that evidence of criminal activity would be found in defendant's residence. Given the evidence in the affidavit that (1) the defendant's property and residence bordered the marijuana patch, (2) the defendant was identified as the individual in the field cultivating and caring for the patch, and (3) the final

-6-

harvesting of the field had been completed immediately prior to the search warrant application, the issuing magistrate judge reasonably could have inferred that the defendant had recently harvested a large quantity of marijuana plants and that the most likely place to store these plants and the implements used in the harvesting would be at his residence adjacent to the patch. *See United States v. Reyes*, 798 F.2d 380, 382 (10th Cir. 1986) ("It is reasonable to assume that certain types of evidence would be kept at a defendant's residence and an affidavit need not contain personal observations that a defendant did keep such evidence at his residence."); *see also Rowland*, 145 F.3d at 1205 (holding that issuing judge "may draw reasonable inferences from the material presented in the warrant application."). The affidavit also included the opinion of Agent Ryan, who has substantial expertise and training in investigations relating to marijuana cultivation, that marijuana and other indicia of marijuana cultivation would be located at defendant's residence. This court has "recognized that courts often rely on the opinion of police officers as to where contraband may be kept." *$149,442.43 in U.S. Currency*, 965 F.2d at 874. In short, contrary to defendant's claim, the totality of these facts do provide a reasonable, common-sense basis for believing that marijuana and related contraband would be found in his residence.

The decision of the district court denying defendant's motion to suppress is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge