**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 28, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY W. BRANTLEY,

    Defendant - Appellant.

No. 05-7022
(E.D. Oklahoma)
(D.Ct. Nos. 03-CV-00586-S
& 00-CR-0059-S)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ricky Brantley appeals the district court's denial of his 28 U.S.C. § 2255 petition claiming the district court violated his Sixth Amendment rights during his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentencing under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Exercising jurisdiction pursuant to FED. R. APP. P. 4(a) and 28 U.S.C. § 1291, we AFFIRM.

Brantley was indicted for manufacturing marijuana and maintaining a place for the purpose of distributing marijuana, and on three counts of illegal firearm possession. On December 12, 2000, he entered a conditional plea of guilty to possession of a firearm after a former felony conviction in violation of 18 U.S.C. § 922(g)(1), but reserved the right to appeal the district court's denial of his motion to suppress evidence. On May 25, 2001, the district court sentenced Brantley to a term of ninety-six months imprisonment. We upheld his conviction in *United States v. Brantley*, 33 Fed. Appx. 986 (10th Cir.), *cert. denied,* 537 U.S. 1019 (2002).

On October 24, 2003, Brantley filed a petition pursuant to 28 U.S.C. § 2255 claiming various incidents of ineffective assistance of counsel. He later supplemented his petition to claim violations of his Sixth Amendment rights under *Blakely*. In *Blakely*, the Supreme Court ruled that a sentence enhancement based upon judge-found facts can violate a defendant's Sixth Amendment rights. 542 U.S. at 303-04.

The district court denied Brantley's claims on December 23, 2004. Brantley then filed a Notice of Intent to Appeal and a Request for a Certificate of

Appealability (COA). While that request was pending, the Supreme Court issued its decision in *United States v. Booker*. In *Booker*, the Supreme Court extended its holding in *Blakely* to the federal sentencing guidelines, holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [to] be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. To remedy the constitutional infirmity of the guidelines, *Booker* invalidated their mandatory nature, requiring the district court to consult them as advisory.[1] *Id.* at 756-57 (severing and excising 18 U.S.C. §§ 3553(b)(1), 3742(e)). On March 1, 2005, in light of the recent ruling in *Booker*, the district court granted Brantley's request for a COA as to his *Blakely/Booker* claims but denied a COA as to his ineffective assistance of counsel claims. Brantley does not challenge the district court's order. Accordingly, the only issue on appeal is whether Brantley's sentence was imposed in violation of the rules set forth in *Blakely* and *Booker*.

However, neither *Blakely* nor *Booker* can help Brantley. *Blakely* "does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*" on June 24, 2004. *United States v. Price*, 400 F.3d 844, 849 (10th Cir.), *cert. denied*, —S.Ct.—, 2005 WL 3144122 (2005). *Booker* "does not

---

[1] *Booker's* holdings apply to all cases on direct review. *Id.* at 769.

apply retroactively to criminal cases that became final before its effective date of January 12, 2005." *United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005). "[A] conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." *Price*, 400 F.3d at 846. Because the Supreme Court denied Brantley's petition for certiorari in 2002, his conviction was final prior to both *Blakely* and *Booker*. Thus, these holdings do not apply.

**AFFIRM.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge