**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gino SNOW, Defendant–Appellant.**

**No. 90–1080.**

United States Court of Appeals,
Tenth Circuit.

Nov. 27, 1990.

Robert T. McAllister (Barry Boughman with him, on the briefs) of Martin, McAllister & Murphy, Denver, Colo., for defendant-appellant.

Thomas M. O'Rourke, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN and TACHA, Circuit Judges, and GREENE, District Judge.*

LOGAN, Circuit Judge.

Defendant Gino Snow pleaded guilty to two counts of conspiracy to defraud the United States in violation of 18 U.S.C. §§ 371 and 1001, reserving, pursuant to Fed.R.Crim.P. 11(a)(2), a right to appeal the district court's denial of his motion to suppress evidence. Following sentencing, defendant brought this appeal, arguing that (1) the affidavit used to procure the search warrant failed to establish probable cause that evidence of a crime would be found at defendant's restaurant at the time it was to be executed, (2) the search warrant affidavit contained false statements, and (3) the search warrant and the subsequent search were overly broad.

I

Defendant makes two arguments concerning the legal sufficiency of the affidavit used to support the application for the search warrant: that the affidavit (1) failed to establish probable cause because it was based on stale information, and (2) was deficient because it relied primarily on unreliable hearsay. We disagree.

Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched. *United*

---

* The Honorable J. Thomas Greene, United States District Judge for the District of Utah, sitting by designation.

*States v. Shomo*, 786 F.2d 981, 983 (10th Cir.1986). The determination of timeliness, however, does not depend on simply the number of days that have elapsed between the facts relied on and the issuance of the warrant; instead, whether the information is too stale to establish probable cause depends on "the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." *Id.* at 984.

■ In the instant case, we cannot conclude that the information contained in the affidavit was too stale to establish probable cause. The F.B.I. investigation into defendant's affairs took place over a five week period leading up to the application for the warrant. The information gathered was cumulative in nature, requiring the F.B.I. to delay going before the magistrate until sufficient evidence was obtained. Although it is true that the affidavit contained undated hearsay, this fact alone does not warrant suppression. Defendant was being investigated for running an ongoing, continuous operation to defraud the government. Such ongoing and continuous activity makes the passage of time less critical. *Id.* at 984. Further, the items sought, which included records of defendant's activities, were of the type that would be kept for some time given the nature of defendant's activities. *See United States v. Williams*, 897 F.2d 1034, 1039 (10th Cir.1990).

■ Defendant's argument on the hearsay information in the affidavit is equally without merit. Hearsay evidence may be used to establish probable cause for a search warrant. *Jones v. United States*, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960). The basic inquiry is whether the magistrate, given all the circumstances set out in the affidavit, made a practical, common sense decision that there was a fair probability that contraband or evidence of a crime would be found at the designated location. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The affidavit here contained information taken from informants and other documentation connecting defen-

dant and his restaurant to an illegal real estate business. Many of the hearsay statements came from other police officers or their informants, some of which were corroborated by documentation. Based on this evidence, the magistrate could have concluded that there was a fair probability that evidence of the real estate scheme would be found at defendant's restaurant.

## II

■ Defendant next contends that the district court erred in not suppressing the evidence seized because the search warrant affidavit contained false statements. He argues that statements connecting him to a scheme to pay individuals for their assistance in falsifying real estate documents were admittedly false and should not have been considered in determining probable cause. If removed, defendant argues, there would not have been probable cause to search.

An affidavit containing erroneous or unconstitutionally obtained information invalidates a warrant if that information was critical to establishing probable cause. If, however, the affidavit contained sufficient accurate or untainted evidence, the warrant is nevertheless valid. *United States v. Karo*, 468 U.S. 705, 719, 104 S.Ct. 3296, 3205, 82 L.Ed.2d 530 (1984).

In the instant case, even absent the inaccurate statements, the affidavit contained sufficient evidence to establish probable cause. Defendant's name and the names of several of his employees appeared on fraudulent real estate documents. The telephone number of defendant's restaurant was listed on one real estate contract, and other evidence indicated that defendant was running a real estate business out of the restaurant's basement. The affidavit contained statements from an individual that he rented his residence from defendant and paid his rent in the basement of defendant's restaurant. Based on this uncontroverted direct and circumstantial evidence, we conclude that the district court did not err in refusing to suppress the evidence seized.

## III

Finally, defendant argues that the district court erred in refusing to suppress the evidence seized because the warrant authorized a "general exploratory rummaging" of the basement of his restaurant. Further, defendant argues that the F.B.I. agents went beyond the scope of the warrant when they seized defendant's personal financial statement and keys and opened a locked safe.

■ Under the Fourth Amendment, a search warrant must describe the items to be seized with sufficient particularity to prevent a "general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). "The particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir.1985).

■ In the case at hand, the warrant identified the location of the search as the lower level of defendant's restaurant, where defendant's offices were located. It authorized seizure of typewriters and other printing material suspected of printing false documents and all documents relating to several properties involved in defendant's real estate scheme. This language does not authorize a "general, exploratory rummaging."

■ Further, the F.B.I. did not exceed the scope of the authorized search. When law enforcement officers grossly exceed the scope of a search warrant, suppression of all evidence seized under that warrant is required. *United States v. Medlin*, 842 F.2d 1194, 1199 (10th Cir.1988). Such is not the case here. Defendant's personal financial statement and keys were items bearing a reasonable relation to defendant's real estate scheme. *See United States v. Gentry*, 642 F.2d 385, 387 (10th Cir.1981). The locked safe was a likely source for the specified documents and could therefore be opened. *See United States v. Ross*, 456 U.S. 798, 820–21, 102

S.Ct. 2157, 2170–71, 72 L.Ed.2d 572 (1982). Accordingly, we hold that the district court did not err in refusing to suppress the evidence seized from defendant's restaurant.

AFFIRMED.