**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHNNY CRAIG JAMES,

Defendant-Appellant.

No. 96-7123
(D.C. No. CR-96-43-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Johnny Craig James entered a conditional plea of guilty to possession of a firearm after a previous felony conviction, in violation of 18 U.S.C. § 922(g), reserving, pursuant to Fed. R. Crim. P. 11(a)(2), his right to bring this appeal from the district court's denial of his motion to suppress. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Upon presentation of an application and supporting affidavit to a magistrate judge, Alcohol, Tobacco, and Firearms Agent Timothy Kelly was granted a search warrant to search defendant's house. The search resulted in the seizure of a large number of weapons and illegal drugs and drug paraphernalia, including the glassware needed to "cook" methamphetamine. After his arrest, defendant moved to suppress the evidence seized during the search, claiming that the search warrant lacked probable cause, was not properly executed, and failed to describe with particularity the place to be searched. Following a hearing, the district court denied defendant's motion.

In denying the motion, the district court found that Agent Kelly's affidavit provided sufficient probable cause to support issuance of the warrant. Moreover, the court concluded that even if probable cause was lacking, the "good faith" exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897, 918-22 (1984), would apply to validate the search. On appeal, defendant claims that the information contained in the affidavit in support of the application

for a search warrant was stale and lacking in credibility, and that the Supreme Court's decision in Leon does not necessarily validate all search warrants. We review the district court's decision to deny defendant's motion to suppress under a clearly erroneous standard. See United States v. Pace, 981 F.2d 1123, 1133 (10th Cir. 1992).

Probable cause to issue a search warrant exists only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place. See generally United States v. Wicks, 995 F.2d 964, 972-73 (10th Cir. 1993). In determining the existence of probable cause, the court applies a totality of the circumstances approach. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

Initially, defendant asserts that the information in the affidavit was stale. See United States v. Snow, 919 F.2d 1458, 1459 (10th Cir. 1990) ("Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched."). Here, the information in the affidavit spanned a time period between 1994 and the time the warrant issued on November 21, 1995. Whether the information in the affidavit is stale, however, does not depend upon the time elapsed between the facts and the issuance of the warrant, but instead is dependant upon "'the nature of the criminal

activity, the length of the activity, and the nature of the property to be seized.'" Id. at 1460 (quoting United States v. Shomo, 786 F.2d 981, 984 (10th Cir. 1986)).

Agent Kelly's lengthy and detailed affidavit contained cumulative information regarding defendant's suspected drug activities and weapons possession as well as information linking defendant to Rocky Miller, aka Rocky Rothrock, who was also being investigated in connection with illegal drug activities. The affidavit indicated that Miller had numerous previous arrests and convictions on weapons and illegal drug charges. It provided information that Miller collected his mail sporadically, moved around a lot, and, in early November 1995, was seen loading a truck in front of defendant's house. In addition, the affidavit indicated that the Carter County Sheriff's Department received an anonymous letter advising that Miller was residing at defendant's house.

The affidavit contained information from informants that defendant was manufacturing and trafficking methamphetamine and that he possessed drugs and weapons in his house. As late as November 14, 1995, a week before Agent Kelly applied for the warrant, a female, later identified as defendant's girlfriend, was observed firing a shotgun near defendant's residence. We have held that "[s]uch ongoing and continuous activity makes the passage of time less critical." Id.

-4-

Moreover, many of the items sought by way of the search, "firearms, ammunition, documents relating to illegal firearms possession, acquisition or disposition, illegal narcotics and paraphernalia used in the manufacturing and distribution of narcotics," Suppl. R. Vol. I, Affidavit at 11, are "of the type that would be kept for some time given the nature of defendant's activities," Snow, 919 F.2d at 1460. Under these circumstances, we hold that the information contained in Agent Kelly's affidavit was not too stale to provide probable cause to search defendant's residence. See Shomo, 786 F.2d at 984 (if property likely to remain in the same place for a lengthy time, probable cause may be found despite delay between events relied on and issuance of warrant).

Next, defendant asserts that the information in the affidavit lacked credibility. Specifically, defendant alleges that the search warrant was nothing more than a fishing expedition in an investigation of Miller. He contends that two anonymous letters regarding Miller, received by the Carter County Sheriff's Department, one indicating that Miller was living at defendant's residence, lacked any indicia of reliability and credibility.

In his affidavit, Agent Kelly related that he interviewed Undersheriff T.E. Burton of the Carter County Sheriff's Department who informed him that during the week of November 8, 1995, the department had received two anonymous letters regarding Miller. The first letter indicated that Miller was

living in defendant's home. The letter described Miller's physical appearance, advised that he carried a firearm and was dangerous, and indicated that he had a girlfriend, Terry Miller, who had been arrested with Miller on drug charges. The second letter advised that Miller was making threats against people using a weapon, and that he was a known drug dealer.

When issuing a search warrant, the magistrate judge makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. We give this determination of probable cause substantial deference. See id. at 236; accord Wicks, 995 F.2d at 972.

The Supreme Court has held that "'corroboration through other sources of information'" can serve to substantiate hearsay for purposes of assessing probable cause. Gates, 462 U.S. at 244-45 (quoting Jones v. United States, 362 U.S. 257, 271 (1960), overruled on other grounds by United States v. Salvucci, 448 U.S. 83 (1980)). Here, it is clear that the information in the anonymous letters had been partially substantiated by Agent Kelly's investigation. The affidavit contained information regarding defendant's illegal drug activities and weapons violations. In addition, surveillance had placed Miller at defendant's residence and

substantiated the anonymous information regarding Miller's involvement with illegal drug trafficking. Therefore, despite defendant's contentions to the contrary, Agent Kelly's affidavit clearly provided a credible likelihood of connections among defendant, Miller, drug trafficking, weapons possession, and defendant's residence. See id. at 244 n.13 ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.").

Accordingly, based on the totality of the circumstances, probable cause for issuance of the search warrant was established.[1] The district court's decision to deny defendant's motion to suppress was correct, and defendant's conviction in this case is hereby AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[1]    In light of the nature of our decision in this case, we need not consider defendant's "good faith" arguments arising under United States v. Leon, 468 U.S. 897, 918-22 (1984) (even though probable cause may be lacking, court's denial of suppression can be affirmed based on officer's "good faith" actions in obtaining and relying on the warrant). We are satisfied, however, that the execution of the warrant clearly falls within the Leon exception to the exclusionary rule.