**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DARYL LAIN HOOK, also known as
Darryl L. Hook,

      Defendant - Appellant.

No. 98-7050
(D.C. No. CR-97-40-1-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

      In ***Illinois v. Gates***, 462 U.S. 213, 236 (1983), the Supreme Court addressed the

"after-the-fact scrutiny" reviewing courts utilize to judge the sufficiency of an affidavit

supporting a search warrant. Abandoning rigid tests for that task, the Court reaffirmed

the utility of the totality of the circumstances analysis and the reviewing court's duty

"simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing] that

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

probable cause existed.'"  *Id.* at 238 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).  With this directive informing our review, we conclude the affidavit relied upon by the state magistrate in this case provided the requisite showing of probable cause on its face and affirm the district court's denial of Daryl Lain Hook's motion to suppress based on this alleged flaw.

Because the parties are well versed in the history of this case, we shorthand its factual predicate noting that a 1996 investigation into the sale of large quantities of methamphetamine in Fort Smith, Arkansas, and areas in Eastern Oklahoma was boosted in 1997 when police arrested Billy DeWaine Underwood near Fort Smith.  The information Mr. Underwood offered to DEA Task Force Officer Juan Beal corroborated details of the earlier investigation and implicated Mr. Hook as the source of the methamphetamine.  In the affidavit he executed to support the issuance of a search warrant for Mr. Hook's Muldrow, Oklahoma residence, Officer Beal set forth details of his prior investigation supplemented and corroborated by Mr. Underwood.  A Sequoyah County magistrate determined Officer Beal had shown probable cause and issued the warrant.  In the ensuing search, officers found Mr. Hook working at a lab table in a hidden room adjacent to the kitchen described by Mr. Underwood, $3,160 in cash, a loaded .22 caliber Bretta semi-automatic pistol, and all of the incidents of an operational and fully functioning methamphetamine laboratory: equipment, chemicals, and finished product.  After he was arrested and read his *Miranda* rights, Mr. Hook then gave police

information supplying probable cause for the magistrate to issue a second warrant to search storage units he indicated contained chemicals and other drug-related items.

A grand jury charged Mr. Hook with manufacturing a controlled substance, possession of a controlled substance with intent to distribute, and possession of a firearm after conviction of a felony in violation of 21 U.S.C. §§ 841(a)(1) and 922(g), respectively. Mr. Hook moved to suppress the evidence, and, after a hearing, the court found the affidavit set forth probable cause for the search specifying its basis with "the earlier information from another law enforcement officer, the affiant's continuing narcotics investigation on the defendant, including two methamphetamine samples obtained by an informant from the defendant, and the admissions against interest of the accomplice, co-defendant, or informant Underwood." That finding also embraced Mr. Hook's attack on the second search warrant. Mr. Hook entered a conditional guilty plea to the drug counts, reserving his right to appeal the denial of his motion to suppress.

Mr. Hook now contends Officer Beal omitted critical information from the affidavit undercutting the basis upon which probable cause was poised.[2] Although Mr.

---

[2]Specifically, for example, Mr. Hook complains the affidavit did not recite Mr. Underwood was reliable; did not establish the reliability of Captain Yates of the Fort Smith Police Department or indicate his information was provided eleven months before the affidavit was executed; did not include information about the first confidential informant or the dates upon which the two prior buys occurred; and did not note the lapse of a day between interviewing Mr. Underwood and obtaining the search warrant.

Hook does not argue the omissions were intended to mislead the magistrate,[3] he insists when we juxtapose the omitted material with the information contained in the affidavit, the "substantial basis" for determining probable cause is seriously undermined, rendering it improbable that "contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238.

The district court responded to the same argument, asking, "Well, that's a good question, but what does it do for me?" We agree. Our task is simply to review the magistrate's "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and the 'basis of knowledge' of persons supplying hearsay information, there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." *Id.* (emphasis added). Our review is not de novo but rather looks to see "whether the evidence viewed as a whole provided a 'substantial basis' for the Magistrate's finding," *Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984), and affords great deference to the determination of probable cause. *United States v. Richardson*, 86 F.3d 1537, 1545 (10th Cir. 1996).[4]

---

[3]Although Mr. Hooks states in his brief, "Applying the 'Franks' doctrine [*Franks v. Delaware*, 438 U.S. 154 (1978)], the 'material' omitted information should be added to the Affidavit to determine if 'probable cause' still exist [sic]," defense counsel unequivocally stated in oral argument Mr. Hooks had not raised a *Franks*' argument. Nonetheless, during oral argument he also relied upon *United States v. Knapp*, 1 F.3d 1026, 1029 (10th Cir. 1993), not cited in his brief, which addressed an alleged *Franks*' violation.

[4]The search warrant was issued by a state magistrate presumably under Oklahoma
(continued...)

Consequently, that the affiant omitted the dates of the two controlled buys from the Fort Smith confidential informant, otherwise failed to recite the factual basis of Mr. Underwood's reliability, or did not use magic language to corroborate the information provided cannot obscure the focus of our review. We have rejected similar arguments an affidavit was deficient because it failed to recite the informant was reliable and credible, *id.; see also **United States v. Sturmoski***, 971 F.2d 452, 457 (10th Cir. 1992) (informant's statements against penal interest corroborated by other information sufficient for probable cause); pinpoint the precise basis for the officer's belief drugs would be found, ***United States v. Smith***, 63 F.3d 956, 961 (10th Cir. 1995); or relied on information obtained months before the facts provided in the affidavit, ***United States v. Snow***, 919 F.2d 1458, 1460 (10th Cir. 1990). In ***United States v. Hager***, 969 F.2d 883, 887 (10th Cir. 1992), we held that "the totality of the information contained in the affidavit provided a substantial basis," for issuing the warrant, noting the informant's reliability was demonstrated by the accuracy of the many details provided.

Here, too, the totality of the circumstances described on the face of the affidavit – the February 1996 information that Daryl Hook was selling pound quantities of methamphetamine related by Fort Smith Police Department Captain Glen Yates; the continuing investigation indicating two controlled buys of methamphetamine from Mr.

---

[4](...continued)
law. However, we apply federal law in our analysis, although we are not prohibited from considering state law. ***United States v. Richardson***, 86 F.3d 1537, 1545 (10th Cir. 1996).

Hook by an unnamed confidential source; Mr. Underwood's arrest and admissions against penal interest of details consistent with the ongoing investigation and confirmed by the subsequent search; as well as Officer Beal's experience investigating drug crimes – established the magistrate made a practical, common-sense assessment there was a fair probability of criminal activity at Mr. Hook's residence.  In most respects, Mr. Underwood's information corroborated the prior investigation and controlled buys from the unnamed confidential source.  *United States v. Myers*, 106 F.3d 936, 939 (10th Cir. 1997).  That the affiant could have then added more details does not obscure the information provided.  *Gates* has surely made clear the probable cause determination is not an exact science with precise formulae plugged into the totality of circumstances equation in order to satisfy a reviewing court's duty.

We thus find Mr. Hook's argument unsupported by the record or our precedent. We **AFFIRM** the district court's denial of Mr. Hook's motion to suppress.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge

- 6 -