FILED
United States Court of Appeals
Tenth Circuit

**February 20, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN RANDALL KOLTHOFF, also
known as John Randall Kelly,

Defendant - Appellant.

No. 06-3417
(D. Ct. No. 05-CR-40043-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Defendant-Appellant John R. Kolthoff challenges the District Court's denial of his

motion to suppress. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

**I. BACKGROUND**

On May 14, 2005, Mr. Kolthoff drove a rental car to a motel in Junction City,

Kansas, and checked into a room. Based on their contact with Mr. Kolthoff earlier that

day, several law enforcement officers suspected that he was involved in drug trafficking

and ordered a dog sniff of Mr. Kolthoff's rental car, which he had left in the motel's

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

parking lot. Officer Scott Hagemeister, a certified dog handler, oversaw the dog sniff. According to him, the dog alerted to the presence of drugs in the trunk of the car. Officers then searched the car and found guns and foreign passports in the trunk and a ticket dated May 7, 2005, for possession of marijuana in North Carolina. They did not find any drugs. After the search, Mr. Kolthoff told Officer Hagemeister that he did not want him to think that the dog had falsely indicated and that Mr. Kolthoff did have marijuana in the vehicle at one time in the past.

Mr. Kolthoff was charged with possession of counterfeit identification documents in violation of 18 U.S.C. § 1546, possession of false military identification in violation of 18 U.S.C. § 499, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The District Court denied Mr. Kolthoff's motion to suppress the evidence obtained during the search, finding that the dog alerted to the presence of drugs and concluding that the alert gave the officers probable cause to search the vehicle. Mr. Kolthoff subsequently pleaded guilty to the firearms charge, conditioning his plea on the right to appeal the court's denial of his suppression motion.

## II. DISCUSSION

A.    The Dog Alert

Mr. Kolthoff first argues that the District Court clearly erred in finding that the dog alerted to the presence of narcotics. *See United States v. Beckstead*, 500 F.3d 1154, 1162 (10th Cir. 2007) (stating that when reviewing the denial of a motion to suppress, we review factual findings for clear error). "A finding of fact is clearly erroneous if it is

without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000) (quotations omitted).

During the suppression hearing, Officer Hagemeister testified that, on May 14, 2005, he had more than a year's experience as a dog handler and that he and his dog were a certified drug-dog detection team. He testified that, based on his knowledge and training, the dog reliably alerted to the presence of narcotics at the rear portion of the vehicle. When explaining what, in the dog's behavior, indicated that it had detected the odor of a controlled substance, Officer Hagemeister stated:

> He squared his body up to the vehicle, so he's in line; pressed his nose against the vehicle several times up to the vehicle; inhaled deeply through his nose and made looks back towards me, which is usually an indication to me he is on a drug odor and is expecting a reward. I usually—when we're training, when he's on a drug he'll look back to me and expect me to throw a toy or something to him.

Despite Officer Hagemeister's testimony and his comments on the scene, Mr. Kolthoff contends that a videotape of the dog sniff "wholly rejects any conclusion the canine alerted" to the presence of narcotics. Specifically, he argues that the dog "may have initially seemed interested in the rear portion of the vehicle," but that it "was nothing more than a reasonable person would expect from a dog trained to smell out any controlled substance."

Upon reviewing the entire record, including the videotape, there is ample support for the District Court's finding that the dog "did more than 'pay attention' to the rear of

the vehicle on two occasions during the sniff." As the District Court found, the dog "heavily sniff[ed] the trunk area of the vehicle, twice, and then looked to his handler." Indeed, the dog team's qualifications, Officer Hagemeister's testimony, the officers' comments at the scene, and the videotape itself all support a finding that the dog alerted to the presence of narcotics. The District Court's finding was therefore not clearly erroneous.

B.      Probable Cause

Mr. Kolthoff next argues that, even if the dog alerted to the presence of narcotics, this alone did not give the officers probable cause to search his vehicle. He contends that a dog alert only rises to the level of probable cause when it is accompanied by other indicia of suspicion.

The Fourth Amendment, under the automobile exception to the warrant requirement, does not require law enforcement officers to obtain a warrant prior to searching a vehicle if they have probable cause to believe it contains contraband. *United States v. Stewart*, 473 F.3d 1265, 1269–70 (10th Cir. 2007). Probable cause exists if "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). We have held that "a dog alert usually is at least as reliable as many other sources of probable cause and is certainly reliable enough to create a 'fair probability' that there is contraband." *United States v. Ludwig*, 10 F.3d 1523, 1528 (10th Cir. 1993); s*ee also Stewart*, 473 F.3d at 1270 ("A canine alert gives rise to probable cause to search a vehicle." (quotations omitted));

*United States v. Rosborough*, 366 F.3d 1145, 1153 (10th Cir. 2004) (holding that a dog alert creates probable cause to search the entire vehicle, including the trunk); *United States v. Stone*, 866 F.2d 359, 364 (10th Cir. 1989) ("Once the dog 'keyed,' the police had probable cause to believe the automobile contained narcotics.").

Despite this line of case law, Mr. Kolthoff argues that probable cause to search a vehicle cannot be based on a dog sniff alone because a dog alerts only to the presence of odor and cannot communicate whether drugs are—or when they were—actually present in the vehicle. In relying on the dog sniff alone, Mr. Kolthoff contends, law enforcement officers might be using "stale" information to support a determination of probable cause. *See United States v. Snow*, 919 F.2d 1458, 1459 (10th Cir. 1990) ("Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched."). He urges us to adopt a standard whereby a dog alert provides probable cause, and thus survives a staleness challenge, only if it is further corroborated by other indicia of suspicion.

We decline to do so. As noted, probable cause exists if "there is a *fair probability* that contraband or evidence of a crime will be found in a particular place," *Gates*, 462 U.S. at 238 (emphasis added), and a dog alert from a reliable dog is sufficient to meet this threshold, *see Ludwig*, 10 F.3d at 1528. This, of course, does not mean that drugs will be discovered each time a dog alerts. As Mr. Kolthoff argues, for instance, it is possible that the dog picked up on a stale odor left by a previous driver of the rental car. But this possibility does not negate probable cause under the Fourth Amendment. "Fair

probability" means just that—fair, not absolute. A reliable dog alert, without more, supports a determination of probable cause.[1]

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the District Court's denial of Mr. Kolthoff's motion to suppress.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]Although we have indicated that a dog alert may not provide probable cause if the dog has a poor accuracy record, *see Ludwig*, 10 F.3d at 1528, Mr. Kolthoff does not challenge this particular dog's record, accuracy, or certification.