**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DUPREE SMITH,

Defendant - Appellant.

No. 15-5128
(D.C. No. 4:15-CR-00080-GKF-1)
(N.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MURPHY**, Circuit Judges.

Marcus Dupree Smith pleaded guilty pursuant to a plea agreement to four counts, including conspiracy, in violation of 21 U.S.C. §§ 841 and 846, and possession of cocaine base, in violation of 21 U.S.C. § 841. The plea agreement allowed Smith to appeal the district court's denial of his motion to suppress evidence seized from a search.

Over a period of several years, Tulsa, Oklahoma, police officers received tips regarding Smith's potential connection to illegal drug distribution. This

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

information ultimately led to the police seeking a warrant to search Smith's alleged residence. In the warrant application, an officer explained the police department's knowledge of Smith's prior drug crimes, and previous searches conducted on his residence that had resulted in seizures of $8000 in drug proceeds. The officer's affidavit further explained how the police department had come to believe that Smith was residing at the target address after a trash pull found residency items, and a car associated with Smith was seen in the vicinity of the home. The trash pull also resulted in the seizure of latex gloves, baking soda, and digital scales.

The affidavit also detailed information received from a confidential informant within the previous month. This particular informant had provided the department with reliable information over fifteen times in the past. The informant told officers that Smith was in possession of crack cocaine and was selling crack cocaine from a residence in North Tulsa. The affidavit went on to explain that, in the officer's experience, crack cocaine distributors often use latex gloves and baking soda to manufacture the drugs, and digital scales to measure it for distribution.

Based on the information in the affidavit, the department sought and obtained a search warrant for the residence. The search was carried out and resulted in the seizure of crack cocaine, drug proceeds, and small bags commonly used for distributing crack cocaine.

Following the seizure, Smith and a co-conspirator were charged with the four counts described above. Smith moved in the district court to suppress the evidence seized at the residence, arguing that the warrant was issued without probable cause and that the officer's affidavit contained stale information. After a hearing, the district court denied the motion. Smith's conditional guilty plea followed.

We review the question whether a warrant was issued with probable cause de novo. *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005). We base this determination on the totality of the circumstances. *United States v. Edwards*, 813 F.3d 953, 960 (10th Cir. 2015). We review the district court's factual findings for clear error, viewing the evidence in the light most favorable to the government. *United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005).

Smith's first challenge to the search alleges the information contained in the warrant application was stale. Warrants cannot issue based on stale information that no longer suggests the items sought are to be found in the place to be searched. *United States v. Snow*, 919 F.2d 1458, 1459 (10th Cir. 1990). We have found this determination depends on several factors, such as the nature and length of the criminal activity, and the nature of the grounds to be searched. *See id.* at 1460. In addition, for ongoing criminal activity, the "passage of time is not of critical importance." *United States v. Thao Dinh Le*, 173 F.3d 1258, 1266

(10th Cir. 1999) (quoting *United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir. 1992)).

We agree with the government that the information contained in the warrant was not unacceptably stale in light of the continuous nature of Smith's criminal activity (the affidavit detailed his continuous involvement with drug crimes dating back to 2008), and the recent nature—one month prior to the affidavit's filing—of the final confidential tip. In addition, the trash pull that revealed drug-making equipment at the residence occurred only one month prior to the submission of the application. Given the evidence in the record, we agree with the district court that the warrant application did not contain stale information. If anything, the earlier information helped paint a fuller picture of Smith's potential criminal activity.

Smith's other argument alleges the warrant application lacked the requisite probable cause. The Supreme Court has described probable cause as a "fluid concept," dependent on "particular factual contexts." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). Under the totality of the circumstances, we agree with the government that the warrant application contained sufficient evidence to give the issuing judge a "substantial basis" for determining that probable cause existed. *Edwards*, 813 F.3d at 960 (quoting *United States v. Haymond*, 672 F.3d 948, 958 (10th Cir. 2012)). Given the information provided in the affidavit described above, we have little trouble concluding there was probable cause to issue the

warrant: a car associated with Smith was seen in the area of the residence, a reliable informant provided information that Smith was manufacturing and distributing drugs out of the residence, a trash pull of the residence revealed materials tying Smith to the residence, and that same pull turned up drug-making equipment and paraphernalia. Together this evidence amply supported the issuing judge's finding of probable cause that drugs would be found at the residence if a warrant was issued.

Because we affirm the district court's decision on these bases, we have no occasion to address the government's other arguments for affirming, including the good faith exception.

The denial of Smith's motion to suppress is AFFIRMED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge