Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
November 21, 2016

**2016 CO 73**

**No. 16SA231, <u>People v. Cooper</u>—Criminal Law—Evidence Suppression.**

This interlocutory appeal asks whether an officer can reasonably and in good faith rely on a warrant when the warrant affidavit is devoid of specific dates but establishes a long, ongoing pattern of drug trafficking from a home. The supreme court holds that there was enough evidence in the warrant affidavit of an ongoing drug trafficking operation that an officer could have a reasonable, good faith belief that the warrant was proper. The supreme court therefore reverses the trial court's suppression order and remands for proceedings consistent with this opinion.

**The Supreme Court of the State of Colorado**

2 East 14th Avenue • Denver, Colorado 80203

**2016 CO 73**

**Supreme Court Case No. 16SA231**

*Interlocutory Appeal from the District Court*

Alamosa County District Court Case No. 15CR304

Honorable Michael Gonzales, Judge

**Plaintiff–Appellant:**

The People of the State of Colorado,

v.

**Defendant–Appellee:**

Lonnie Cooper.

**Order Reversed**

*en banc*

November 21, 2016

**Attorneys for Plaintiff–Appellant:**

David Mahonee, District Attorney, Twelfth Judicial District

Crista Newmyer-Olsen, Chief Deputy District Attorney

*Alamosa, Colorado*


**Attorneys for Defendant–Appellee:**

Martinez Law, LLC

Esteban A. Martinez

*Longmont, Colorado*


Henson Law, LLC

Patrick R. Henson

*Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

**JUSTICE HOOD** concurs, and **JUSTICE MÁRQUEZ** joins in the concurrence.

¶1     This interlocutory appeal requires us to answer whether an officer can reasonably and in good faith rely on a warrant when the warrant affidavit is devoid of specific dates but establishes a long, ongoing pattern of drug trafficking from a home. We hold that there was enough evidence in the warrant affidavit of an ongoing drug trafficking operation that an officer could have a reasonable, good faith belief that the warrant was proper. We therefore reverse the trial court's suppression order and remand for proceedings consistent with this opinion.

## I. Facts and Procedural History

¶2     On September 29, 2015, police officers in Alamosa County, Colorado applied for and received a warrant to search Lonnie Cooper's residence and vehicles on his property for illegal drugs and other items associated with the sale of illegal drugs.

¶3     The warrant application contained the following information:

1. On September 29, 2015, Your Affiant spoke with a confidential informant regarding drug activity at Lonnie Coopers [sic] (5/22/73) residence located at 220 Main Street. This address is in the City and County of Alamosa, State of Colorado.

2. The informant stated that he had purchased both heroin and methamphetamine from Cooper at the above address. The informant states that he has at times purchased up to an ounce of heroin from [C]ooper.

3. The informant states that the narcotics are somewhere within the residence. He states that [C]ooper sends his nephew into a back room, and that his nephew returns approximately a minute later with the agreed amount.

4. The informant states that Cooper carries large quantities in stock, and sells to only a select few trusted people. The informant knows Cooper from his childhood, and states that he usually purchases narcotics through Cooper.

2

5. Intelligence reports from other operations have yielded information that Cooper has been dealing from his residence. Undercover officers conducted a raid and arrested a separate party, who stated that he purchased the 25 grams of methamphetamine that he was found with, from Cooper.

6. The informant states that Cooper usually keeps the narcotics in his house, but on two separate occasions, has seen him keep it in vehicles on his property.

7. The informant confirmed intelligence that Cooper is one of the main movers of methamphetamine and heroin in the valley. The informant also confirmed several (already known to officers) pieces of information that would indicate he is being truthful.

8. Your affiant requests that the Honorable Judge grant this search warrant for the above items listed at the residence identified as 220 Main Street, Alamosa, Colorado.

¶4 An Alamosa County Court magistrate signed the warrant on the day of application, September 29, 2015. Police officers searched Cooper's home and found controlled substances, drug paraphernalia, and weapons. The State charged Cooper with two counts of possession with intent to manufacture or distribute a controlled substance (counts 1 and 2); two counts of conspiracy to possess with the intent to manufacture or distribute a controlled substance (counts 3 and 4); three counts of possession of a controlled substance (counts 5–7); seven counts of possession of a weapon by a previous offender (counts 8–14); one count of possessing a prohibited large-capacity magazine (count 15); one count of theft (count 16); one special offender count (count 17); and one habitual criminal count (count 18).

¶5 Cooper moved to suppress the results of the search warrant, arguing that the supporting affidavit was so lacking in indicia of probable cause that no reasonable officer could, in good faith, rely on it. The trial court granted Cooper's motion to

suppress.  The trial court was particularly concerned about the affidavit's "staleness" — i.e., the lack of exact dates in the warrant affidavit.  The State filed a timely interlocutory appeal pursuant to section 16-12-202(2), C.R.S. (2016), and C.A.R. 4.1.  We now reverse the trial court's suppression order and remand for proceedings consistent with this opinion.

## II. Analysis

¶6      The State argues that, even if the warrant was stale and issued in error, the good faith exception to the exclusionary rule should apply.  Therefore, the trial court should admit the evidence seized pursuant to the warrant.  We agree.

¶7      "When reviewing a suppression order, we afford the trial court's factual findings deference and will not overturn those findings if they are supported by competent evidence in the record."  People v. Pacheco, 175 P.3d 91, 94 (Colo. 2006).  However, we review a trial court's legal conclusions de novo.  Id.

¶8      "The Fourth Amendment to the United States Constitution and article II, section 7, of the Colorado Constitution prohibit the issuance of a search warrant except upon probable cause supported by oath or affirmation particularly describing the place to be searched and the things to be seized."  People v. Miller, 75 P.3d 1108, 1112 (Colo. 2003) (citations omitted).  "The warrant must establish probable cause to believe that contraband or evidence of criminal activity is located in the place to be searched at the time of the warrant application, not merely some time in the past."  Id.

¶9      "Probable cause exists when an affidavit for a search warrant alleges sufficient facts to warrant a person of reasonable caution to believe that contraband or evidence of

4

criminal activity is located at the place to be searched." Id. We determine whether probable cause exists by examining the totality of the circumstances. Id. at 1113. "Whether information is current or stale plays an important role in the totality of the circumstances analysis." Id. "Whether the information is stale and cannot support probable cause depends on the factual circumstances and the type of crime." Id.

¶10 The exclusionary rule is a "judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." United States v. Leon, 468 U.S. 897, 906 (1984). One exception to the exclusionary rule, the good faith exception, applies when, despite an otherwise invalid warrant, a trial court nonetheless admits evidence because the officer(s) that executed the warrant had a reasonable good faith belief that the search was in accord with the Fourth Amendment. Id. at 909.

¶11 Colorado codified the good faith exception to the exclusionary rule at section 16-3-308(4), C.R.S. (2016). Under that section, evidence that would otherwise be excluded as the result of an invalid warrant should be admitted when the officer's conduct was pursuant to a "reasonable, good faith belief that [the warrant] was proper." § 16-3-308(4)(a). The statute directs us to presume that an officer's actions are in "reasonable good faith" when "the evidence was obtained pursuant to and within the scope of the warrant, unless the warrant was obtained through intentional and material misrepresentation." § 16-3-308(4)(b). "This presumption may be rebutted if the officer failed to undertake the search in an objectively good faith belief that it was reasonable."

5

<u>Miller</u>, 75 P.3d at 1113. "If no reasonable officer would have relied upon the warrant, then objective good faith is absent and the good faith exception offers no shelter." <u>Id.</u>

¶12    As this court noted in <u>Miller</u>, there are four situations in which an officer may not reasonably rely on a warrant:

> (1) where the issuing magistrate was misled by a known or recklessly made falsehood; (2) where the issuing magistrate wholly abandoned the judicial role; (3) where the warrant is so facially deficient that the officer cannot reasonably determine the particular place to be searched or things to be seized; or (4) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

<u>Id.</u> at 1114 (citing <u>Leon</u>, 468 U.S. at 923). We have characterized the fourth situation as a "bare bones" warrant. <u>See</u> <u>id.</u>

¶13    Whether a warrant is so "bare bones" that no reasonable officer could rely on it forms the crux of the issue in this case. Specifically, our focus is on one of the "bare bones" considerations, the "staleness" of the information in the warrant affidavit:

> Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched. The determination of timeliness, however, does not depend on simply the number of days that have elapsed between the facts relied on and the issuance of the warrant; instead, whether the information is too stale to establish probable cause depends on "the nature of the criminal activity, the length of the activity, and the nature of the property to be seized."

<u>United States v. Iiland</u>, 254 F.3d 1264, 1268–69 (10th Cir. 2001) (quoting <u>United States v. Snow</u>, 919 F.2d 1458, 1459–60 (10th Cir. 1990)). For warrants involving drug trafficking specifically, when there is evidence "demonstrating that the alleged drug trafficking activity was ongoing over a considerable period of time . . . the passage of time between

the suspected illegal activities and issuance of the warrant diminishes in significance." Id. at 1269.

¶14 Here, there was enough evidence of an ongoing drug trafficking operation such that a reasonable officer could have a reasonable, good faith belief that the warrant was proper. The affidavit contained information that: (1) an informant had purchased heroin and cocaine from Cooper at his home on multiple occasions; (2) Cooper stores the drugs in his residence and in vehicles on his property (the warrant application sought authorization to search the vehicles); (3) Cooper stocks large quantities of drugs; and (4) other independent operations confirmed that Cooper sold drugs from his residence. This evidence demonstrated "that the alleged drug trafficking activity was ongoing over a considerable period of time." See id. Therefore, the lack of specific dates does not lead us to conclude that the information was so stale that no reasonable police officer could rely on the warrant. Rather, the information in the warrant affidavit was enough for an officer to reasonably—and in good faith—believe that the warrant established probable cause that Cooper was currently dealing drugs from his residence.

### III. Conclusion

¶15 Therefore, we reverse the trial court's suppression order and remand for proceedings consistent with this opinion.[1]

**JUSTICE HOOD** concurs, and **JUSTICE MÁRQUEZ** joins in the concurrence.

---

[1] Because we hold that, in any event, the officers' good faith applies as an exception to the exclusionary rule, we decline to decide whether the warrant was deficient.

JUSTICE HOOD, concurring.

¶16    I agree with the majority that the suppression order should be reversed because an officer could reasonably and in good faith believe the warrant established probable cause.  For those forced to travel this path again, however, I write separately to explain how I reconcile our decision today with our arguably conflicting decision in People v. Miller, 75 P.3d 1108 (Colo. 2003).

¶17    In Miller, we affirmed a trial court's order suppressing evidence because the warrant used to obtain that evidence was based on stale information.  Id. at 1116–17.  The affidavit supporting the warrant contained information about two events tying methamphetamine manufacturing to the location to be searched (Miller's house), but the more recent of those occurred one month before police sought the warrant.  Id. at 1114.  We held officers could not have reasonably relied on the warrant in good faith because the affidavit was "bereft of current information about illegal activity at Miller's house."  Id. at 1116–17.

¶18    Although such broad language in Miller might seem to support some of Cooper's arguments, closer examination of the underlying facts reveals otherwise.  Indeed, neither Miller nor People v. Randolph, 4 P.3d 477 (Colo. 2000), on which Cooper also relies, compels the result he seeks here.  True, both involved stale information, and in both cases we held that the warrants were "bare bones" upon which officers could not have reasonably relied in good faith.  See Miller, 75 P.3d at 1115–17; Randolph, 4 P.3d at 482, 484.  But in Randolph, we focused on the warrant's inadequate geographic particularity—not staleness.  4 P.3d at 484.  And the evidence in Miller did

1

not demonstrate an ongoing operation at the house to be searched as convincingly as does the evidence here. There, the evidence showed that Miller had manufactured drugs twice in his house (one month and four months before the warrant application), but it also showed that the manufacturing operation was mobile and Miller had manufactured at other locations. Miller, 75 P.3d at 1115.

¶19　Critically, even though the affidavit here does not contain specific dates, it sets forth more recent information about criminal activity in the house than the month-old information in Miller. Some of the informant's statements in the affidavit—written in the present tense—indicate that the informant believed the drugs were present in the house on the day the informant spoke with police, the same day police sought the warrant. For example, the third paragraph of the affidavit begins, "The informant states that the narcotics are somewhere within the residence." (Emphasis added.) While the value of such present-tense language in establishing probable cause may be debatable, that language supports the notion that these officers relied on this affidavit in good faith.

¶20　Perhaps most importantly, the majority opinion does nothing to diminish Miller's holding that officers, even in cases involving evidence of ongoing criminal operations, must supply in the affidavits they tender—and verify in the warrants they obtain—the "crucial link between the place to be searched and current information of criminal activity or the presence of contraband there." See id. at 1116. Instead, the court today simply concludes that officers in this case could have reasonably believed

2

that this "crucial link" had been established by current information.  I agree with that conclusion.

I am authorized to state that JUSTICE MÁRQUEZ joins in this concurrence.