CHIEF JUSTICE RICE
delivered the Opinion of the Court.
¶1 This interlocutory appeal requires us to answer whether an officer can reasonably and in good faith rely on a warrant when the warrant affidavit is devoid of specific dates but establishes a long, ongoing pattern of drug trafficking from a home. We hold that there was enough evidence in the warrant affidavit of an ongoing drug trafficking operation that an officer could have a reasonable, good faith belief that the warrant was proper. We therefore reverse the trial court’s suppression order and remand for proceedings consistent with this opinion.
I.Facts and Procedural History
¶2 On September 29, 2015, police officers in Alamosa County, Colorado applied for and received a warrant to search Lonnie Cooper’s residence and vehicles on his property for illegal drugs and other items associated with the sale of illegal drugs.
¶3 The warrant application contained the following information:
1. On September 29, 2015, Your Affiant spoke with a confidential informant regarding drug activity at Lonnie Coopers [sic] (5/22/73) residence located at 220 Main Street. This address is in the City and County of Alamosa, State of Colorado.
2. The informant stated that he had purchased both heroin and methamphetamine from Cooper at the above address. The informant states that he has at times purchased up to an ounce of heroin from [C]ooper.
3. The informant states that the narcotics are somewhere within the residence. He states that [C]ooper sends his nephew into a back room, and that his nephew returns approximately a minute later with the agreed amount.
*1173 4. The informant states that Cooper carries large quantities in stock, and sells to only a select few trusted people. The informant knows Cooper from his childhood, and states that he usually purchases narcotics through Cooper.
5. Intelligence reports from other operations have yielded information that Cooper has been dealing from his residence. Undercover officers conducted a.raid and arrested a separate party, who stated that he purchased the 25 grams of methamphetamine that he was found with, from Cooper.
6. The informant states that Cooper usually keeps the narcotics in his house, but on two separate occasions, has seen him keep it in vehicles on his property.
7. The informant confirmed intelligence that Cooper is one of the main movers of methamphetamine and heroin in the valley. The informant also confirmed several (already known to officers) pieces of information that would indicate he is being truthful. •
8. Your affiant requests that the Honorable Judge grant this search warrant for the above items listed at the residence identified as 220 Main Street, Alamosa, Colorado.
¶4 An Alamosa County Court magistrate signed the warrant on the day of application, September 29, 2015. Police officers searched Cooper’s home and found controlled substances, drug paraphernalia, and weapons. The State charged Cooper with two counts of possession with intent to manufacture or distribute a controlled substance (counts 1 and 2); two counts of conspiracy to possess with the intent to manufacture or distribute a controlled substance (counts 3 and 4); three counts of possession of a controlled substance (counts 5-7); seven counts of possession of a weapon by a previous offender (counts 8-14); one count of possessing a prohibited large-capacity magazine (count 15); one count of theft (count 16); one special offender count (count 17); and one habitual criminal count (count 18).
¶5 Cooper moved to suppress the results of the search warrant, arguing that the supporting affidavit was so lacking in indicia of probable cause that no reasonable officer could, in good faith, rely on it. The trial court granted Cooper’s motion to suppress. The trial court was particularly concerned about the affidavit’s “staleness”—i.e., the lack of exact dates in the warrant affidavit. The State filed a timely interlocutory appeal pursuant to section 16-12-202(2), C.R.S. (2016), and C.A.R. 4.1. We now reverse the trial court’s suppression order and remand for proceedings consistent with this opinion.
II. Analysis
¶6 The State argues that, even if the warrant was stale and issued in error, the good faith exception to the exclusionary rule should apply. Therefore, the trial court should admit the evidence seized pursuant to the warrant. We agree.
¶7 “When reviewing a suppression order, we afford the trial court’s factual findings deference and will not overturn those findings if they are supported by competent evidence in the record.” People v. Pacheco, 175 P.3d 91, 94 (Colo. 2006). However, we review a trial court’s legal conclusions de novo. Id.
¶8 “The Fourth Amendment to the United States. Constitution and article II, section 7, of the Colorado Constitution prohibit the issuance of a search warrant except upon probable cause supported by oath or affirmation particularly describing the place to be searched and the things to be seized.” People v. Miller, 75 P.3d 1108, 1112 (Colo. 2003) (citations omitted). “The warrant must establish probable cause to believe that contraband or evidence of criminal activity is located in the place to be searched at the time of the warrant application, not merely some time in the past.” Id.
¶9 “Probable cause exists when an affidavit for a search warrant alleges sufficient facts to warrant a person of reasonable caution to believe that contraband or evidence of criminal activity is located at the place to be searched.” Id. We determine whether probable cause exists by examining the totality of the circumstances. Id at 1113. “Whether information is current or stale *1174 plays an important role in the totality of the circumstances analysis.” Id. “Whether the information is stale and cannot support probable cause depends on the factual circumstances and the type of crime.” Id.
¶10 The exclusionary rale is a “judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.” United States v. Leon, 468 U.S. 897, 906, 104 S.Ct. 3406, 82 L.Ed.2d 677 (1984). One exception to the exclusionary rale, the good faith exception, applies when, despite an otherwise invalid warrant, a trial court nonetheless admits evidence because the offieer(s) that executed the warrant had a reasonable good faith belief that the search was in accord with the Fourth Amendment. Id. at 909, 104 S.Ct. 3405.
¶11 Colorado codified the good faith exception to the. exclusionary rale at section 16-3-308(4), C.R.S. (2016). Under that section, evidence that would otherwise be excluded as the result of an invalid warrant should be admitted when the officer’s conduct was pursuant to a “reasonable, good faith belief that [the warrant] was proper.” § 16-3-308(4)(a). The statute directs us to presume that an officer’s actions are in “reasonable good faith” when “the evidence was obtained pursuant to and within the scope of the warrant, unless the warrant was obtained through intentional and material misrepresentation.” § 16-3-308(4)(b). “This presumption may be rebutted if the officer failed to undertake the search in an objectively good faith belief that it was reasonable.” Miller, 75 P.3d at 1113. “If no reasonable officer would have relied upon the warrant, then objective good faith is absent and the good faith exception offers no shelter.” Id
¶12 As this court noted in Miller, there are four situations in which an officer may not reasonably rely on a warrant:
(1) where the issuing magistrate was misled by a known or recklessly made falsehood; (2) where the issuing magistrate wholly abandoned the judicial role; (3) where the warrant is so facially deficient that the officer cannot reasonably determine the particular place to be searched or things to be seized; or (4) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.
Id. at 1114 (citing Leon, 468 U.S. at 923, 104 S.Ct. 3405). We have characterized the fourth situation as a “bare bones” warrant. See id
¶13 Whether a warrant is so “bare bones” that no reasonable officer could rely on it forms the crux of the issue in this case. Specifically, our focus is on one of the “bare bones” considerations, the “staleness” of the information in the warrant affidavit:
Probable cause to search cannot be based on stale'information that no longer suggests that the items sought will be found in the place to be searched. The determination of timeliness, however, does not depend on simply the number of days that have elapsed between the facts relied on and the issuance of the warrant; instead, whether the information is too stale to establish probable cause depends on “the nature of the criminal activity, the length of the activity, and the nature of the property to be seized.”
United States v. Iiland, 254 F.3d 1264, 1268-69 (10th Cir. 2001) (quoting United States v. Snow, 919 F.2d 1458, 1459-60 (10th Cir. 1990)). For warrants involving drag trafficking specifically, when there is evidence “demonstrating that the alleged drug trafficking activity was ongoing over a considerable period of time ... the passage of time between the suspected illegal activities and issuance of the warrant diminishes in significance.” Id. at 1269.
¶14 Here, there was enough evidence of an ongoing drag trafficking operation such that a reasonable officer could have a reasonable, good faith belief that the warrant was proper. The affidavit contained information that: (1) an informant had purchased heroin and cocaine from Cooper at his home on multiple occasions; (2) Cooper stores the drags in his residence and in vehicles on his property (the warrant application sought authorization to search the vehicles); (3) Cooper stocks large quantities of drugs; and (4) other independent operations *1175 confirmed that Cooper sold drugs from his residence. This evidence demonstrated “that the alleged drug trafficking activity was ongoing over a considerable period of time.” See id. Therefore, the lack of specific dates does not lead us to conclude that the information was so stale that no reasonable police officer could rely on the warrant. Rather, the information in the warrant affidavit was enough for an officer to reasonably—and in good faith—believe that the warrant established probable cause that Cooper was currently dealing drugs from his residence,
III. Conclusion
¶15 Therefore, we reverse the trial court’s suppression order and remand for proceedings consistent with this opinion.[1]
JUSTICE HOOD concurs, and JUSTICE MÁRQUEZ joins in the concurrence.